JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-07205-ODW (BFMx) | Date | October 27, 2025 |
|---|---|---|---|
| Title | *Sherry A. Chamberlain v. General Motors LLC et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**              **In Chambers**

    On March 27, 2025, Plaintiff Sherry A. Chamberlain initiated this action against Defendant General Motors LLC in state court. (Decl. Sarah Garbuzov ("Garbuzov Decl.") ISO Removal Ex. 1 ("Complaint"), Dkt. No. 1-1.) The Complaint alleges breach of express and implied warranties and violations of the Song-Beverly Warranty Act. (*Id.* ¶¶ 8–44.) Plaintiff seeks rescission of the purchase contract; restitution; attorneys' fees and costs; civil penalties; and general, special, and incidental damages. (*Id.*, Prayer for Relief.) On August 5, 2025, Defendant removed the action to this Court based on diversity jurisdiction. (Notice Removal ("NOR"), Dkt. No. 1.) On August 29, 2025, Plaintiff filed a Motion to Remand based on Defendant's untimely removal. (Mot. Remand, Dkt. No. 15.) On October 16, 2025, the Court ordered the parties to show cause why this action should not be remanded for lack of subject matter jurisdiction. (Order, Dkt. No. 20.) On October 23, 2025, Defendant filed a Response. (Resp., Dkt. No. 22.)

    Upon review of Defendant's Notice of Removal and Response to the Court's Order to Show Cause, the Court finds that Defendant fails to establish that the amount in controversy exceeds $75,000 and accordingly **REMANDS** the action.

    Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-07205-ODW (BFMx) | Date | October 27, 2025 |
|---|---|---|---|
| Title | *Sherry A. Chamberlain v. General Motors LLC et al.* | | |

Accordingly, a defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship among the adverse parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id*.

Here, Defendant contends that Plaintiff's potential damages exceed $75,000 because the Song-Beverly Act allows a plaintiff to recover actual damages, plus up to two times the compensatory damages in civil penalties. (NOR 4–6; Resp. 4–5, 8–9.) Defendant asserts that Plaintiff's actual damages in controversy total at least $23,883.54, including a mileage offset, additional offsets, and rebate deductions. (Resp. 4–5.) Defendant also contends that in light of Plaintiff's actual damages "it is appropriate to consider civil penalties." (*Id.* at 8.) Defendant claims that "the 2.0-times maximum civil penalties [is] available as a matter of law," which "brings the total damages to $71,650.62." (*Id.* at 9 (emphasis omitted); *see* Compl. ¶¶ 17, 24, 28.) Finally, Defendant contends that "[b]ased on [Defendant's] prior experience in similar matters, a reasonable estimate of Plaintiff's attorneys' fees accumulated up to this point in litigation is $5,000." (NOR 5–6.) Defendant further adds that "this case is not likely to resolve and conservatively including fees from work up for even just 6 months post-removal, the amount in controversy more than exceeds the jurisdictional threshold." (*Id.* at 6.) Lastly, Defendant contends that "based on [Defendant's] counsel's prior experience with fees sought by Plaintiff's counsel . . . , and based on Plaintiff's recent demands, it is also reasonable to assume this case will not promptly settle and it would be appropriate to include at least $15,000 in future attorney fees in addition to past fees." (Resp. 9.)

First, Defendant's inclusion of civil penalties to establish the amount in controversy is highly speculative and insufficient to meet its burden. "A plaintiff who establishes that a violation of the [Song-Beverly] Act was willful may recover a civil penalty of up to two times the amount of actual damages." *See* Cal. Civ. Code § 1794(c). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, No. 19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019); *Estrada v. FC US LLC*, No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-07205-ODW (BFMx) | Date | October 27, 2025 |
|---|---|---|---|
| Title | *Sherry A. Chamberlain v. General Motors LLC et al.* | | |

remanding where defendant's inclusion of civil penalties to establish the amount in controversy was "too speculative and are not adequately supported by the facts and evidence"). Defendant fails to establish that the inclusion of civil penalties is appropriate.

Next, Defendant fails in its burden with respect to attorneys' fees. Defendant contends that a reasonable estimate of Plaintiff's fees already accumulated in this action is $5,000. (NOR 5–6.) Defendant claims that based on Defendant's counsel's "assessment," "this case is not likely to resolve and conservatively including fees from work up for even just 6 months post-removal, the amount in controversy more than exceeds the jurisdictional threshold." (*Id.* at 6.) Defendant cites several cases where plaintiffs requested higher amounts in attorneys' fees and contends that Plaintiff's estimated "past" and "future" attorneys' fees are based on Defendant's counsel's "prior experience in similar matters," counsel's "prior experience with fees sought by Plaintiff's counsel," as well as "Plaintiff's recent demands." (*Id.* at 5–6; Resp. 9.) Defendant contends that it is "reasonable to assume this case will not promptly settle and it would be appropriate to include future attorney fees in addition to past fees." (Resp. 9.) The Court is not persuaded that the cases Defendant cites are sufficiently analogous to justify inclusion of the estimated attorneys' fees in assessing the jurisdictional amount in controversy. *See Kaplan v. BMW of N. Am., LLC*, No. 21-cv-00857 TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021) ("[Other] cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award."); *D'Amico v. Ford Motor Co.*, No. 2:20-cv-2985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) ("[M]any cases alleging violations of the [Song-Beverly] Act settle early."). Thus, Defendant fails to establish that the inclusion of the estimated attorneys' fees is appropriate.

Defendant's failure to establish that inclusion of civil penalties or attorneys' fees is appropriate dooms federal subject matter jurisdiction in this case. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Absent civil penalties and attorneys' fees, Defendant establishes an amount in controversy of only $23,883.54. (Resp. 5.) This falls short of Defendant's burden to establish the requisite jurisdictional amount in controversy of $75,000. *See* 28 U.S.C. § 1332(a). Accordingly, the Court **REMANDS** this case to the Superior Court of the State of California, County of Los Angeles, 111 N. Hill Street, Los Angeles, CA 90012, Case No. 25STCV09032.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-07205-ODW (BFMx) | Date | October 27, 2025 |
|---|---|---|---|
| Title | *Sherry A. Chamberlain v. General Motors LLC et al.* | | |

 In light of this disposition, Plaintiff's Motion to Remand, (Dkt. No. 15), is **DENIED AS MOOT**. All dates are **VACATED**. The Clerk of the Court shall close this case.

 **IT IS SO ORDERED.**

                       :  00

              Initials of Preparer SE